THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. EDWARD MILLER, Appellant. THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. JOSEPH QUINONES, Appellant.— Appeal by defendants from judgments of the Supreme Court, Queens County, rendered January 11, 1963 after a joint jury trial, convicting each of them of robbery in the first degree, and imposing sentence. Judgments reversed on the law as to both defendants, and a new trial granted. No questions of fact were considered. Eleven days after the robbery for which defendants were convicted, they were both apprehended and searched by the police. The search disclosed a revolver concealed on the person of Miller, one of the defendants. On the trial this revolver was admitted into evidence after testimony by an eyewitness to the crime that the gun used at the time of the commission of the crime was " a little on the shiny side, with a black handle; " and that the gun admitted in evidence "looked like" the gun held by one of the defendants; there were no other indicia of identification. In our opinion, such testimony was wholly insufficient to identify the revolver as the specific one used in the robbery; hence, its admission was reversible error. The guiding principle for the admission or exclusion of a later discovered weapon was set forth as follows by this court in *People* v. *Melendez* (14 A D 2d 557): " It was serious prejudicial error for the trial court to admit evidence indicating that the defendant, *five days after* the commission of the offense for which he was being tried, was guilty of another crime: the illegal possession of a firearm. Such subsequent illegal possession, *being unrelated to the crime charged,* was of no probative force in proving the crime. Hence it should have been excluded." The proof here as to the identification of the revolver used in the commission of the robbery was so vague that it may well be said that the subsequent illegal possession of a similar revolver by one of the defendants was "unrelated to the crime charged." Guilt cannot be permitted to be established simply by the generic likeness of any object. Where, as here, the crime charged is one of

violence, the admission of the revolver was decidedly prejudicial despite the other proof incriminating the defendant. Ughetta, Acting P. J., Hill and Hopkins, JJ., concur; Christ and Rabin, JJ., dissent and vote to affirm the judgments, with the following memorandum by Christ, J., in which Rabin, J., concurs: The positive identification of the defendants by the three victims of the armed holdup proved their guilt beyond any doubt. Under the circumstances, section 542 of the Code of Criminal Procedure permits an affirmance of the convictions and the avoidance of a new trial. In *People* v. *Melendez* (14 A D 2d 557), relied on by the majority, the District Attorney did not attempt to connect the proffered firearm with the robbery; and since the firearm had no probative value in the prosecution of the crime charged, the District Attorney on the appeal recommended reversal and a new trial. In an earlier case, however, *People* v. *Mancini* (7 A D 2d 640, affd. 6 N Y 2d 853), where the holdup victim testified that the guns, which had been taken from defendants some days after the holdup and proffered in evidence upon the trial, looked like the ones used in the holdup, the convictions were upheld. In that case the issue of prejudicial error was expressly urged in the Court of Appeals, but it nevertheless affirmed the convictions. The instant case is in accord with the fact pattern of *Mancini*; hence, we should follow *Mancini*.